# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BLAKE SCHOLEY,**

                **Plaintiff,**

**v.**                                                **Case No:   6:15-cv-559-Orl-40KRS**

**ROBERT LACEY and BALDWIN
RESTAURANT VENTURE, LLC,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT AND TO DISMISS ROBERT LACEY (Doc. No. 29)** |
| **FILED:** | **June 24, 2015** |

## I.     PROCEDURAL BACKGROUND.

       On April 6, 2015, Plaintiff Blake Scholey filed a complaint against Defendants Baldwin Steakhouse, LLC, Robert Lacey, and Moyong Jia, asserting claims of minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); minimum wage violations under Article X, Section 23 of the Florida Constitution (Count II); and overtime violations under of the FLSA (Count III).   Doc. No. 1.   After Scholey failed to respond to the Court's Order to Show Cause (Doc. No. 15), the Court dismissed the case without prejudice for lack of

prosecution.   Doc. No. 19.   Scholey then filed a motion to reopen the case, Doc. No. 21, which the Court granted, Doc. No. 23.

On June 10, 2015, Scholey filed an amended complaint, naming only Baldwin Restaurant Venture, LLC ("Baldwin Restaurant") and Lacey as defendants.   Doc. No. 25.   Baldwin Restaurant and Lacey filed an answer and counterclaims against Scholey.   Doc. No. 28.   That same day, they also filed a motion to dismiss (1) Count II of Scholey's amended complaint and (2) the FLSA claims asserted against Lacey.   Doc. No. 29.

Scholey has not responded to the motion, and the time for doing so has passed.   The motion to dismiss has been referred to me for issuance of a Report and Recommendation, Doc. No. 11, and the matter is now ripe for review.

## II.   ALLEGATIONS OF THE AMENDED COMPLAINT.

Scholey was employed by Defendants as a bartender between approximately January 2007 and May 2014.   Doc. No. 25 ¶ 8.   His primary duties included serving drinks, maintaining the liquor inventory, cleaning the bar, and preparing for service.   *Id.* ¶ 12.   He routinely worked six to seven days per week, for an average of sixty-five to eighty hours per week.   *Id.* ¶¶ 9–10.

Baldwin Restaurant employs individuals to perform labor on its behalf.   *Id.* ¶ 14.   Lacey is an "owner, partner, officer, and/or manager" of Baldwin Restaurant.   *Id.* ¶ 18.   He "directed how [Baldwin Restaurant] should be run on a daily basis."   *Id.* ¶ 24.   He also held weekly meetings at his home to discuss the operation of the restaurant.   *Id.* ¶ 26.

Lacey had power over personnel decisions for Baldwin Restaurant.   *Id.* ¶ 19.   He had the power to determine employee policies for the restaurant.   *Id.* ¶ 20.   Lacey also had control over the compensation practices at Baldwin Restaurant.   *Id.* ¶ 27.   Moreover, Lacey had power over payroll decisions, *id.* ¶ 21, and the money received by Baldwin Restaurant each evening was faxed to

Lacey's home for his review, *id.* ¶ 22.   He regularly reviewed the days' receivables and spoke with others at Baldwin Restaurant concerning the same.   *Id.* ¶ 23.

Scholey claims that he "was not paid properly his share of tips during his employment, nor was he paid in accordance with state and federal minimum wage laws."   *Id.* ¶ 11.   He alleges that he was not paid overtime at one-and-one-half his regular pay rate for all hours worked in excess of forty each week.   *Id.* ¶¶ 11, 30.   He further alleges that Defendants kept a portion of the tips earned by Scholey and others similarly situated.   *Id.* ¶¶ 12, 32.

## III.     ANALYTICAL STANDARD.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Although a court must accept as true the well-pled allegations of a complaint, it is not bound to accept a legal conclusion couched as a factual allegation.   *Iqbal*, 556 U.S. at 678.

## IV.     DISCUSSION.

In their motion, Defendants request that the Court dismiss (1) the wage claim asserted under Article X, Section 24 of the Florida Constitution and (2) the FLSA claims asserted against Lacey. In the sections that follow, I will first discuss why the Court should decline to exercise supplemental jurisdiction over Scholey's state constitutional wage claim.   I will then discuss why the Court

should deny Defendants' motion insofar as it requests dismissal of Scholey's FLSA claims against Lacey.

> A.     The Court Should Decline to Exercise Supplemental Jurisdiction over Scholey's State Constitutional Wage Claim.

A district court may consider *sua sponte* whether to decline the exercise of supplemental jurisdiction over a plaintiff's state constitutional claim for unpaid minimum wages.   *Demauro v. Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2010 U.S. Dist. LEXIS 66950, at *10 (M.D. Fla. June 17, 2010).   Courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C. § 1367(a).   This standard is satisfied if the state law claims arise out of a common nucleus of operative fact with a federal claim at issue.   *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).   A court may also, however, decline to exercise that supplemental jurisdiction if, *inter alia*, "the claim raises a novel or complex issue of State law."   28 U.S.C. § 1367(c).

Scholey asserts a state minimum wage claim — which arises out of a common nucleus of operative fact with his FLSA minimum wage claim — under Article X, Section 24 of the Florida Constitution.   That section provides that "[e]mployers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida."   Fla. Const. art. X, § 24(c).   It also provides that "[p]ersons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment. . . ."   *Id.* art. X, § 24(e).   The constitutional provision further states that, while implementing legislation is not required for enforcement of its requirements, the "state legislature may by statute . . . adopt any measures appropriate for the implementation of this amendment."   Fla. Const. art. X, § 24(f).

The Florida legislature passed the Florida Minimum Wage Act ("FMWA") to "provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution," in accordance with the authority conferred by the Florida Constitution.   Fla. Stat. § 448.110(2).   The FMWA purports that it is "the exclusive remedy under state law for violations of s. 24, Art. X of the State Constitution."   Fla. Stat. § 448.110(10).

Despite the legislature's pronouncement that the FMWA is the exclusive remedy under state law for minimum wage violations, district courts are sharply divided on whether Fla. Const. art. X, § 24(f) creates an independent constitutional right to bring suit.   *Compare, e.g.*, *Alonso v. Ocean CC, LLC*, No. 14-23869-CIV-MORENO, 2015 U.S. Dist. LEXIS 45244, at *6 (S.D. Fla. Apr. 6, 2015) ("[T]he Florida Minimum Wage Act, not the Florida Constitution, is the proper vehicle for bringing [a state minimum wage] claim."), *and Nichols v. Lab. Corp. of Am.*, No. 2:13-cv-848-FtM-38CM, 2014 U.S. Dist. LEXIS 26780, at *12 (M.D. Fla. Mar. 1, 2014) ("[A]ny person alleging a violation of Fla. Const. art. X, § 24, must do so through the lens of the FMWA because the Florida Constitution does not create an independent constitutional right to bring suit to recover unpaid minimum wages."), *with Bates v. Smuggler's Enters., Inc.*, No. 2:10-cv-136-FtM-29DNF, 2010 U.S. Dist. LEXIS 85378, at *8 (M.D. Fla. Aug. 19, 2010) ("Article 10, Section 24 [of the Florida Constitution] is self-executing and establishes a private cause of action."), *and Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 U.S. Dist. LEXIS 46215, at *6 (M.D. Fla. June 30, 2006) ("Section 24 creates a constitutional right directly enforceable in a court of law by an aggrieved party with no requirement that notice be given [as mandated by the FMWA].").

The parties have not cited a decision by any Florida state court addressing whether the FMWA is the only means through which a party may bring a claim for violation of the minimum wage provision of the Florida Constitution, and I have not located any.   It appears, therefore, that

this question remains a novel and complex issue of state law.   *Giarolo v. Goodwill Indus. of Cent. Fla., Inc.*, No. 6:14-cv-846-Orl-31KRS, 2014 U.S. Dist. LEXIS 106505, at *18–19 (M.D. Fla. July 18, 2014), *adopted by* 2014 U.S. Dist. LEXIS 106502 (M.D. Fla. Aug. 4, 2014); *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 U.S. Dist. LEXIS 125770, at *15–18 (M.D. Fla. May 19, 2009), *adopted by* 2009 U.S. Dist. LEXIS 48026 (M.D. Fla. June 9, 2009).   Accordingly, I recommend that the Court decline to exercise supplemental jurisdiction over Count II of the amended complaint and dismiss that claim with leave to file it in a Florida state court as permitted by 28 U.S.C. § 1367(d).

> B.      *Scholey Has Pled Sufficient Facts Concerning Lacey's Liability Under the FLSA.*

Lacey moves to dismiss the FLSA claims asserted against him pursuant to Federal Rule of Evidence 12(b)(6), based on his contention that he is not an "employer" within the meaning of the FLSA.   Doc. No. 29, at 3–6 (citing, *inter alia*, *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).   He filed an affidavit in support of his motion.   Doc. No. 30-1.   The Court generally cannot consider evidence in support of a motion to dismiss under Rule 12(b)(6).   *Blickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss."); *see also Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (per curiam) (finding no error in a district court's refusal to consider affidavits submitted with a motion to dismiss) (unpublished opinion cited as persuasive authority).[1]   Therefore, I will examine only the well-pleaded facts in the amended complaint in resolving the motion to dismiss the claims against Lacey.

---

[1]   The decision in *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003), is not applicable here because the motion in *Morrison* was filed under Federal Rule of Civil Procedure 12(b)(1).

The FLSA broadly defines an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d).  The Eleventh Circuit has "recognized that '[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Alvarez Perez*, 515 F.3d at 1160 (alteration in original) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)) (internal quotation marks omitted).  To qualify as an officer for this purpose, however, an individual "must either be involved in the day-to-day-operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638.  "[U]nexercised authority is insufficient to establish liability as an employer." *Alvarez Perez*, 515 F.3d at 1161.

The amended complaint alleges that Lacey was an "owner, partner, officer, and/or manager" for Baldwin Restaurant.  Doc. No. 1 ¶ 18.  In those capacities, he had power over the following: (1) personnel decisions, *id.* ¶ 19; (2) determination of employment policies, *id.* ¶ 20; and (3) payroll decisions, including the retention of time and wage records, *id.* ¶ 21.  Lacey also had control over the compensation practices for Baldwin Restaurant.  *Id.* ¶ 27.

The amended complaint further alleges that Lacey "directed how [Baldwin Restaurant] should be run on a daily basis." *Id.* ¶ 24.  He was "actively involved in the day to day operations of [the restaurant]." *Id.* ¶ 25.  Indeed, the amended complaint alleges, "weekly meetings were held at Lace[y]'s home to discuss the operation of [Baldwin Restaurant]." *Id.* ¶ 26.  The money intake was faxed to Lacey for his review.  *Id.* ¶ 22.  Lacey also regularly "reviewed the days' receivable[s] and spoke to others at [Baldwin Restaurant] to discuss same." *Id.* ¶ 23.

Viewed collectively, the foregoing allegations create a plausible inference that Lacey is involved in the day-to-day operation of Baldwin Restaurant and is, therefore, an "employer" with

the meaning of the FLSA.  *See, e.g.*, *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV-MOORE, 2010 U.S. Dist. LEXIS 1783, at *11 (S.D. Fla. Jan. 11, 2010) (holding that a plaintiff adequately stated a claim for individual liability under the FLSA when she alleged that the individuals were "corporate officers, directors and/or partners or owners" of the business and had operational control of the business); *Stewart v. Sterling Tech. Sols., LLC*, No. 6:10-cv-630-Orl-28DAB, 2010 U.S. Dist. LEXIS 119056, at *3–4 (M.D. Fla. Oct. 12, 2010) (determining that a complaint adequately stated a claim for individual liability when it alleged that the individual had "operational control" over aspects of the business's day-to-day functions, including "the power to hire and fire employees[,] the power to determine salaries and/or pay[,] and the responsibility to maintain employment records"), *adopted by* 2010 U.S. Dist. LEXIS 119054 (M.D. Fla. Nov. 9, 2010).

Consequently, I recommend that Scholey's motion to dismiss the FLSA claims asserted against Lacey should be denied.

## V.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **DECLINE** to exercise supplemental jurisdiction over Scholey's claim under Article X, Section 24 of the Florida Constitution (Count II) and **DISMISS** the same.   I further **RECOMMEND** that the Court **DENY** Defendants' motion to dismiss insofar as it seeks dismissal of the FLSA claims asserted against Lacey.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an

aggrieved party from challenging on appeal the district court's order based on unobjected-to factual

findings and legal conclusions.

Recommended in Orlando, Florida on August 3, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy