# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BLAKE SCHOLEY,**

        **Plaintiff,**

**v.**                                    **Case No:   6:15-cv-559-Orl-40KRS**

**ROBERT LACEY and BALDWIN RESTAURANT VENTURE, LLC,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF SCHOLEY/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT BRV/COUNTER-PLAINTIFF'S COUNTERCLAIMS (Doc. No. 43)** |
| **FILED:** | **August 8, 2015** |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF/COUNTER-DEFENDANT SCHOLEY'S AMENDED MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF BRV'S COUNTERCLAIMS (Doc. No. 44)** |
| **FILED:** | **August 8, 2015** |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF/COUNTER-DEFENDANT SCHOLEY'S AMENDED MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF BRV'S COUNTERCLAIMS (Doc. No. 45)** |
| **FILED:** | **August 8, 2015** |

**I.     RELEVANT PROCEDURAL HISTORY.**

On June 10, 2015, Plaintiff Blake Scholey ("Scholey") filed an amended complaint against Defendants Baldwin Restaurant Venture, LLC ("Baldwin Restaurant") and Robert Lacey ("Lacey"). Doc. No. 25.   Scholey asserted claims for minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); minimum wage violations under Article X, Section 23 of the Florida Constitution (Count II); and overtime violations under of the FLSA (Count III).   Doc. No. 25.

Baldwin Restaurant filed an answer on June 24, 2015.   Doc. No. 28.   In that filing, it asserted counterclaims against Scholey for violations of the FLSA and Florida Minimum Wage Act, Fla. Stat. § 448.110.  *Id.* at 8.   Although Scholey failed to timely respond to those counterclaims as required by Federal Rule of Civil Procedure 12(a)(1)(B), Baldwin Restaurant never moved for entry of default.   On August 7, 2015, Scholey filed a motion to dismiss the counterclaims.   Doc. No. 43.   The next day, he filed two identical amended motions to dismiss.   Doc. Nos. 44, 45.   Baldwin Restaurant filed a response in opposition to one of the amended motions.   Doc. No. 48.

The motions to dismiss Baldwin Restaurant's counterclaims have been referred to me for issuance of a Report and Recommendation.   Doc. No. 11.   Those motions are now ripe for review.

**II.    ALLEGATIONS PERTAINING TO DEFENDANTS' COUNTERCLAIMS.**

Scholey was employed by Baldwin Restaurant from December 2011 through May 2014 as a front-of-house manager.   Doc. No. 28, at 6 ¶ 5.   Baldwin Restaurant does business in Orange County, Florida, under the name of Jack's Steakhouse.  *Id.* at 6 ¶ 1.   Scholey and Chris Lacey were in charge of the day-to-day operation of Jack's Steakhouse.  *Id.* at 6 ¶ 6.   They were also responsible for setting wages and compensation for employees.  *Id.* at 7 ¶ 7.   They met on a regular basis to discuss the operation of Jack's Steakhouse.  *Id.* at 7 ¶ 16.

Scholey was responsible for determining the amount of tips distributed to employees. *Id.* at 7 ¶ 8. He exercised power over scheduling, *id.* at 7 ¶ 10, and the determination of employee policies, *id.* at 7 ¶ 11. Scholey determined tip distribution based on his maintenance and review of labor reports and tip income reports. *Id.* at 7 ¶ 13. He had the power to stop any illegal pay practice that harmed himself or other employees. *Id.* at 7 ¶ 18.

### III. ANALYTICAL STANDARD.

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept as true well-pled allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

### IV. DISCUSSION.

Scholey argues that Baldwin Restaurant's counterclaims "do not and cannot show that [Baldwin Restaurant] is entitled to relief in this matter." Doc. No. 45, at 2 ¶ 3. Scholey asserts that he cannot be held liable to Baldwin Steakhouse, his employer, under the FLSA or FMWA. *Id.* at 6 ¶ 10. In the following sections, I will discuss why Baldwin Restaurant has no right of action against Scholey under the FLSA or FMWA. I will then discuss why Baldwin Restaurant should not be granted leave to amend its counterclaims. Finally, I will discuss whether Scholey should be awarded attorneys' fees and costs for defending against Baldwin Restaurant's counterclaims.

### A. *Baldwin Restaurant Has No Right of Action Under the FLSA.*

Baldwin Restaurant's attempt to assert counterclaims against Scholey under the FLSA finds no support in the statute's plain language or history. "The FLSA was enacted in 1938 for 'the prime purpose of . . . aid[ing] the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage.'" *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1332 (11th Cir. 2014) (alterations in original) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 698 (1945)). In passing the FLSA, Congress recognized that "there are often great inequalities in bargaining power between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). It further acknowledged the need to "protect[] workers from substandard wages and oppressive working hours." *Id.*

Accordingly, it is unsurprising that "[t]here is no cause of action for employers in the FLSA." *Wheeler v. Hampton Twp.*, 399 F.3d 238, 244 (3d Cir. 2005); *accord Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007) (noting that the question of whether the suing party is an employee is "a threshold element of [an] FLSA claim"). Indeed, under the FLSA's remedial provision, 29 U.S.C. § 216(b),

> [a]ny *employer* who violates the provisions [of the FLSA governing minimum wage and overtime] shall be liable *to the employee or employees affected* in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

As the above language makes clear, the FLSA creates a private right of action only for an employee against an employer who violates the Act's minimum wage or overtime provisions. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013); *see also Villareal v. Woodman*, 113 F.3d 202, 205 (11th Cir. 1997) ("The minimum wage provisions of the FLSA apply only to workers who are 'employees' within the meaning of the Act.").

Baldwin Restaurant acknowledges that it was Scholey's employer. Doc. No. 28, at 6 ¶ 5. Consequently, the FLSA affords Baldwin Restaurant no right of action against Scholey.[1] The FLSA is properly considered a shield to protect unwary workers, *Freeman v. Nat'l Broad. Co.*, 80 F.3d 78, 86 (2d Cir. 1996), not a sword to be wielded by employers, *Wheeler*, 399 F.3d at 244. Baldwin Restaurant's counterclaims under the FLSA are due to be dismissed.

  B.  *Baldwin Restaurant Has No Cause of Action Under the FMWA.*

Baldwin Restaurant cannot assert claims under the FMWA for much the same reason it is unable to raise claims under the FLSA. To prevail on a claim under the FMWA, a plaintiff must establish the same three elements required under the FLSA: (1) "that the plaintiff was employed by an employer covered by the FLSA during the time period involved"; (2) "that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce"; and (3) "that the employer failed to pay the plaintiff the minimum wage . . . compensation required by law." *Hanna v. CFL Pizza, LLC*, No. 6:11-cv-1837-Orl-22DAB, 2012 U.S. Dist. LEXIS 19315, at *9 (M.D. Fla. Jan. 27, 2014) (quoting *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 U.S. Dist. LEXIS 125770, at *9 (M.D. Fla. 2009)) (internal quotation marks omitted), *adopted by* 2012 U.S. Dist. LEXIS 19314 (M.D. Fla. Feb. 15, 2012).

Baldwin Restaurant's counterclaim is self-defeating with respect to the first element. Because Baldwin Restaurant acknowledges that it was Scholey's employer, Doc. No. 28, at 6 ¶ 5, it cannot simultaneously claim to have been employed by Scholey. As a result, Baldwin Restaurant

---

[1] Baldwin Restaurant's arguments concerning Scholey's operational control of Jack's Steakhouse, Doc. No. 48, at 2–4, miss the mark. Even if Scholey could be held individually liable under the FLSA, he would only be liable to an "employee." 29 U.S.C. § 216(b). No credible argument could be made that Baldwin Restaurant was Scholey's employee.

has not stated a viable counterclaim against Scholey under the FMWA, and that counterclaim is due to be dismissed.

    C.  *Baldwin Restaurant Should Not Be Granted Leave to Amend Its Counterclaims.*

Ordinarily, a party should be afforded at least one opportunity to amend its claims. However, "[t]he U.S. Supreme Court has held that undue delay and futility are adequate bases for denying leave to amend." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Because Baldwin Restaurant acknowledges that it is Scholey's employer and because the FLSA and FMWA afford causes of action only to employees, its claims under those statutes would be subject to dismissal even upon amendment. Accordingly, I recommend that Baldwin Restaurant not be granted leave to amend its counterclaims.

    D.  *Scholey Should Not Be Awarded Attorneys' Fees and Costs at This Time.*

Scholey also requests attorneys' fees and costs for defending against Baldwin's claims. Unlike other fee-shifting statutes that provide for attorneys' fees awards to prevailing defendants or counter-defendants in certain circumstances, there is no such provision in the FLSA. *Plummer v. PJCF, LLC*, No. 2:15-cv-37-FtM-38CM, 2015 U.S. Dist. LEXIS 66214, at *3 (M.D. Fla. May 15, 2015). Scholey provides no analysis of his entitlement to attorneys' fees and costs in his motion. He also provides no evidence concerning the amount of attorneys' fees and costs to which he believes he is entitled. Accordingly, the Court lacks sufficient information to determine the attorneys' fees and costs, if any, to which he may be entitled, and his request should be denied without prejudice. Scholey should be permitted to file a renewed motion for attorneys' fees and a Bill of Costs, if warranted under applicable law, at the conclusion of the case.

## V. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** Plaintiff/Counter-Defendant Scholey's Amended Motion to Dismiss Defendant/Counter-Plaintiff BRV's Counterclaims (Doc. No. 45);

2. **DISMISS with prejudice** Baldwin Restaurant's counterclaims;

3. **FIND** that Baldwin Restaurant should not be granted leave to amend its counterclaims;

4. **DENY without prejudice** Scholey's request for attorneys' fees and costs;

5. **DENY as moot** Plaintiff/Counter-Defendant Scholey's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaims (Doc. No. 43); and

6. **DENY as moot** Plaintiff/Counter-Defendant Scholey's Amended Motion to Dismiss Defendant/Counter-Plaintiff BRV's Counterclaims (Doc. No. 44).

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on September 2, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy