**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BLAKE SCHOLEY,

      Plaintiff,

v.                                     Case No:  6:15-cv-559-Orl-40KRS

ROBERT LACEY and BALDWIN
RESTAURANT VENTURE, LLC,

      Defendants.

_____

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint and to Dismiss Robert Lacey (Doc. 29), filed June 24, 2015.  On August 3, 2015, Magistrate Judge Karla R. Spaulding submitted a report recommending that the motion be granted in part and denied in part.  (Doc. 37).  On August 17, 2015, Plaintiff objected to Magistrate Judge Spaulding's recommendation. (Doc. 47).  Defendants have not responded to Plaintiff's objection and the time for doing so has passed.  This matter is therefore ripe for review.

## I.    BACKGROUND

Plaintiff initiated this putative class action on April 6, 2015 to recover unpaid minimum and overtime wages from Defendants.  Plaintiff worked for Defendants as a bartender from January 2007 to May 2014.  (Doc. 25, ¶ 8).  Plaintiff states that he worked an average of sixty-five to eighty hours per week, but was not paid overtime wages at the statutorily required rate.  (*Id.* ¶ 30).  Plaintiff further alleges that Defendants improperly withheld a portion of the tips he earned as a bartender and that Defendants did not

distribute tips in accordance with the law.  (*Id.* ¶¶ 30–32).  Plaintiff states that his injuries are common among other bartenders and food servers who have worked for Defendants and that these employees may form the basis for a class action.  (*Id.* ¶¶ 35, 38–39).

In addition to pursuing his claims through the Fair Labor Standards Act ("FLSA"), Plaintiff also asserts a claim for minimum wage violations under Article X, Section 24 of the Florida Constitution (hereinafter referred to as the "Florida Constitution claim").  On June 24, 2015, Defendants moved to dismiss Plaintiff's Florida Constitution claim and to dismiss the entire Amended Complaint as to the individual Defendant, Robert Lacey.  Magistrate Judge Spaulding thereafter issued a report recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's Florida Constitution claim and deny Defendants' motion to dismiss as to Lacey.  Plaintiff now objects to the Magistrate Judge's report, but only to the extent it recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's Florida Constitution claim.

## II.    STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review of the matter by filing objections to those specific portions of the decision disagreed with.  Fed. R. Civ. P. 72(b)(2).  The district judge must then make a de novo determination of each issue to which objection is made.

Fed. R. Civ. P. 72(b)(3).  De novo review "require[s] independent consideration of factual issues based on the record."  *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam).

## III.   DISCUSSION

In her report, Magistrate Judge Spaulding recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's Florida Constitution claim because it presents a novel or complex issue of state law.[1]  (Doc. 37, pp. 4–6).  Specifically, Magistrate Judge Spaulding notes a significant rift among Florida's federal district courts on the issue of whether Article X, Section 24 of the Florida Constitution continues to provide a cause of action to aggrieved plaintiffs in light of the Florida legislature's subsequent enactment of the Florida Minimum Wage Act ("FMWA"), which proclaims itself "the exclusive remedy under state law" for violations of Article X, Section 24.  Fla. Stat. § 448.110(10).  Importantly, Magistrate Judge Spaulding observes that no Florida state court has addressed the issue.

In his objection, Plaintiff asks the Court to exercise its discretion to retain jurisdiction over his Florida Constitution claim.  Plaintiff states that his state wage claim arises out of the same facts and circumstances giving rise to his FLSA claims and that, as a result, his state and federal claims are "inextricably intertwined."  Plaintiff therefore advises that the interests of judicial economy and fairness demand that all of his claims be resolved together.

---

[1]   Magistrate Judge Spaulding correctly raised the issue *sua sponte*, as it is the better judicial practice for a district court to consider whether it should exercise supplemental jurisdiction over a state law claim than to do so by default.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (subsequent history omitted).

Plaintiff is correct that a district court's decision to decline the exercise of supplemental jurisdiction over claims involving novel or complex issues of state law is purely discretionary. *See* 28 U.S.C. § 1367(c)(1). Nevertheless, certain factors aid the court in reaching a decision, including judicial economy, convenience, fairness to the parties, and comity. *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Where these factors weigh against exercising supplemental jurisdiction, a district court may rightly dismiss a state law claim that presents a novel or complex issue of state law. *Id.*

The Court finds that concerns for comity and federalism weigh heavily against exercising supplemental jurisdiction over Plaintiff's Florida Constitution claim. As Magistrate Judge Spaulding explained in her report, no Florida court has addressed the issues Plaintiff's Florida Constitution claim will inevitably raise—namely, whether Plaintiff can bring his wage claim directly through Article X, Section 23 and, if so, whether the FMWA's notice requirement applies. This point is only further illuminated by Plaintiff's objection, which strongly suggests that, should supplemental jurisdiction be exercised, the Court would eventually need to determine the validity of these provisions under the Florida Constitution. To be sure, the question of whether a state statute enacted by a state legislature violates the state's constitution is best left for that state's courts to answer. *See Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) ("State courts, not federal courts, are the final expositors of state law."). To the extent judicial economy, convenience, and fairness to the parties weigh in favor of the Court exercising supplemental jurisdiction over Plaintiff's Florida Constitution claim, they do so

only slightly.  The Court will accordingly decline to exercise supplemental jurisdiction over Plaintiff's wage claim made under Article X, Section 24 of the Florida Constitution.

## IV.     CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Court's Report and Recommendation of August 3, 2015 (Doc. 47) is **OVERRULED**.

2. The Magistrate Judge's August 3, 2015 Report and Recommendation (Doc. 37) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. The Court declines to exercise supplemental jurisdiction over Count II of Plaintiff's Amended Complaint.  Count II is **DISMISSED WITHOUT PREJUDICE** with leave for Plaintiff to file his claim in state court as permitted by 28 U.S.C. § 1367(d).

4. Defendants' Motion to Dismiss (Doc. 29) is otherwise **DENIED**.  Defendant, Robert Lacey, shall answer Plaintiff's Amended Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on February 24, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record