# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BLAKE SCHOLEY and DAWN ASHLEY
SULLIVAN,

                          **Plaintiffs,**

**v.**                                              **Case No:   6:15-cv-559-Orl-40KRS**

ROBERT LACEY and BALDWIN
RESTAURANT VENTURE, LLC,

                          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED JOINT MEMORANDUM TO APPROVE FLSA SETTLEMENT (Doc. No. 78)** |
| **FILED:** | **May 23, 2016** |

## I.   PROCEDURAL HISTORY.

        On June 10, 2015, Plaintiff Blake Scholey filed an amended complaint against his former employers, Defendants Baldwin Restaurant Venture, LLC and Robert Lacey.  Doc. No. 25.  Dawn Ashley Sullivan also joined the action as a plaintiff on November 16, 2016.  Doc. No. 60. Plaintiffs alleged that Defendants failed to properly pay a minimum wage and overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 25.  They also asserted a minimum wage claim under the Florida constitution, which the Court dismissed without prejudice.  Doc. No. 69.

After the Court denied two prior motions for settlement approval, the parties filed the instant motion, requesting that the Court approve their revised settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 78.   They submitted a copy of the agreement with the motion.   Doc. No. 78-1.   The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Whether Plaintiffs Compromised Their Claims.*

Under the settlement agreement, Plaintiffs will receive a total of $60,000.00.   Doc. No. 78-1 ¶ 2.   Of that amount, Scholey will receive $11,250.00, less taxes and other payroll-related deductions, as wage damages and $11,250.00 as liquidated damages.   *Id.*   Sullivan will also receive $6,250.00, less taxes and other payroll-related deductions, as wage damages and $6,250.00 as liquidated damages.   *Id.*   The remaining $25,000.00 will be paid to Plaintiffs' counsel for attorney's fees and costs.   *Id.*

In his responses to the Court's interrogatories, Scholey originally claimed an entitlement to $136,586.16 as damages.   Doc. No. 42, at 11.   Sullivan separately asserted that she originally claimed to be owed $47,134.06.   Doc. No. 78, at 4.   Because both Scholey and Sullivan will receive less than the amounts to which they originally claimed they were entitled under the FLSA, they have compromised their claims within the meaning of *Lynn's Food.*

### B.    *Whether the Settlement Amounts Are Fair and Reasonable.*

Because Plaintiffs have compromised their claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.   Through counsel, the parties represent that this case "presented some challenges due to, *inter alia*, the nature of the recordkeeping; seeming contradictions between records that required further review; and the complexity of the various records that had to be reviewed in parts to determine the nature of tips and any alleged deductions from employee earnings."   Doc. No. 78, at 4.   Defendants deny liability and continue to assert that Plaintiffs were appropriately paid for all hours worked.   *Id.* at

4–5.   Nevertheless, the parties reached a settlement upon consideration of the cost and uncertainty of continued litigation.   *Id.* at 6.

These facts adequately explain the reasons for the compromise.   Accordingly, I recommend that the Court find that the amount of the compromise is reasonable.   *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C.    *Whether the Attorney's Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiffs have compromised their FLSA claims, the Court must also consider whether the payment to their attorneys is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amounts Plaintiffs agreed to accept.   *See Silva*, 307 F. App'x at 351.   "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."   *Bonetti*, 715 F. Supp. 2d at 1228.   If the parties did not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach.   *Id.*

Here, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiffs' damages claims.   Doc. No. 78, at 5.   Based on this representation, there is no reason to believe that the amounts Plaintiffs agreed to accept were adversely affected by the amount of fees paid to their counsel.

D.    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement.*

The Court next must consider whether Plaintiffs' release of claims in the settlement agreement renders the agreement unreasonable.   *See generally Bright v. Mental Health Res. Ctr.,*

*Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, Plaintiffs agreed to a release of all claims

> regarding or related to wages and compensation (*i.e.*, minimum wages, overtime and compensable time) including, but not limited to, any claims under the Fair Labor Standards Act; the Portal-to-Portal Act; The Florida Constitution, Article X, Section 24, Minimum Wage; [and] The Florida Minimum Wage Act, Fla. Stat. § 448.110, that Mr. Scholey and Ms. Sullivan each ha[ve], may have and/or could have against the Released Parties ***through the present date***.

Doc. No. 78-1 ¶ 1.

Judges in this District appear to be split on whether this form of release is permissible in an FLSA case.   *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding the release of wage claims under the FMWA and Florida Constitution, when the plaintiff raised claims only for unpaid overtime under the FLSA, made the release "per se unreasonable under *Lynn's Food* because it confer[red] an underserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"), *with Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding that a release provision that was limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011).   In addressing a similar release, however, the presiding District Judge in this case addressed the issue as follows:

> The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint. . . .   The parties limit their release only to federal and state law wage and overtime claims existing at the time of the settlement. Plaintiff is not releasing wage or overtime claims which may arise in the future or other non-wage claims to which Plaintiff may be entitled to relief now or become entitled to relief in the future.   The scope of the release therefore allows Plaintiff to

know exactly what, if anything, he is forfeiting relative to his wage claims and does not represent an impermissible "side deal" to buy out other potential claims that are unrelated to the wages Plaintiff lawfully seeks.

*Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-01677, 2015 U.S. Dist. LEXIS 169481, at *3–4 (M.D. Fla. Dec. 18, 2015).

Accordingly, if the Court concludes, as it did in *Cooper*, that that the release is permissible in scope, I recommend that the Court find that the settlement is a fair resolution of Plaintiffs' FLSA claims.

      E.    *Whether the Court Should Retain Jurisdiction over This Matter or Enter a Consent Judgment.*

The parties request that the Court retain jurisdiction for a period of thirty-five days after settlement approval and, thereafter, dismiss this action with prejudice.   Doc. No. 78, at 7. However, "[c]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement," and I discern no compelling justification for this course of action.   *Santiago-Valle v. Transition House, Inc.*, No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015), *adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015).

The parties separately request that the Court enter a stipulated consent judgment, a copy of which they have signed and attached to their motion.   Doc. No. 78, at 8; *see generally United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975) ("A consent judgment has the same force and effect as any other judgment until set aside in the manner provided by law.").   I respectfully **RECOMMEND** that the Court enter the stipulated consent judgment, if it determines that doing so is warranted under the facts of this case.

## IV.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that, if the Court concludes that the release does not undermine the fairness of the settlement, it **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA; **GRANT in part** the Second Amended Joint Motion to Approve FLSA Settlement (Doc. No. 78); and **ENTER** the stipulated consent judgment submitted by the parties, if it determines that doing so is warranted under the facts of this case.

Alternatively, if the Court finds that the release undermines the fairness of the settlement, I recommend that the Court deny the instant motion.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 27, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE